UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WICKED DONUTS, LLC, a Nevada limited liability company,<br><br>Plaintiff<br><br>v.<br><br>WICKED MINI DONUTS, WICKED DONUTS SALEM NH,<br><br>Defendants | Case No.: 2:20-cv-01657-APG-EJY<br><br>**Order Denying Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 29, 30] |

Plaintiff Wicked Donuts, LLC moves for summary judgment on its claims against the defendants. ECF No. 29. Plaintiff also filed what it calls an Order for Summary Judgment that is a nearly identical copy of the first five paragraphs of its motion but adding a signature block for the judge. ECF No. 30. The defendants have not responded to the motion. However, I cannot grant summary judgment by default; the motion still must satisfy the standards for entry of summary judgment. *Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013).

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

    Plaintiff's motion is woefully inadequate. It appears to be a "copy and paste" version of another motion its counsel filed, including references to an unknown entity named Pantheon (ECF No. 29 at 4) and an allegation that "consumers know that they are safe giving their personal information to and investing in Plaintiff's famous museum and collection" (*Id.* at 14). This case is about a trademark involving donuts. There appears to be no connection to a museum that solicits investors. Further, neither the motion nor the complaint describes how the defendants are using the disputed trademark or the markets in which they compete.

    Next, Plaintiff's motion mostly restates the elements of its claims as facts, with no support. Plaintiff offers no affidavit, declaration, or other evidence to support its motion, only the allegations of its counsel. But counsel's statements and allegations are insufficient to support entry of summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.") (citing Fed. R. Civ. P. 56(e)); *see also* Fed. R. Civ P. 65(e)(4) ("If a party fails to properly support an assertion of fact . . . , the court may . . . issue any other appropriate order."). Because Plaintiff has failed to satisfy its initial burden, I deny the motion.

/ / / /

/ / / /

/ / / /

2

I THEREFORE ORDER that plaintiff Wicked Donuts, LLC's motion for summary judgment **(ECF Nos. 29, 30) is denied without prejudice**.

DATED this 26th day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE